JONATHAN GIBBONS, administrator of Hiram Kimball, deceased, plaintiff in error, *v.* JAMES JOHNSON, defendant in error.

$\begin{array}{cc} 4 & 61 \\ 121 & 326 \end{array}$
$\begin{array}{cc} 4 & 61 \\ 153 & 668 \end{array}$
$\begin{array}{cc} 3s & 61 \\ e112a^3 & 49 \end{array}$

*Error to Scott.*

The statute does not authorize a judgment for costs, against an administrator, who sues in the right of his intestate.

Appeals from judgments of probate justices, in cases arising under § 4 of the " *Act to provide for the election of Probate Justices of the Peace,*" should be taken in the same manner that appeals are taken from judgments of justices of the peace.

Exceptions to the charge of a judge, must be taken at the time the charge is given. Where the bill of exceptions was filed two days after judgment, and in the conclusion of it stated, that " to all of which opinions of the Court, the plaintiff excepts: *Held,* that the exceptions were not well taken.

THIS cause was heard below, before the Hon. William Thomas, and judgment was rendered in the Scott Circuit Court, at the October term, 1840.

M. McCONNEL and J. A. McDOUGALL, for the plaintiff in error.

WM. BROWN and J. LAMBORN, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

This suit was originally commenced before the probate justice of the peace of Morgan county, on a note said to be lost, for about $800. A verdict was found, and judgment rendered in favor of the plaintiff. An appeal was taken to the Circuit Court, where a motion to dismiss the appeal was overruled. The Court, then, on motion of the defendant, awarded a change of venue to the county of Scott. The defendant filed his affidavit, denying the

execution of the note, and the plaintiff another, stating that the note had been lost.   Upon the trial before a jury, much testimony was introduced on the part of the plaintiff, but it is deemed unnecessary to state it.   After the testimony on the part of the plaintiff was closed, the defendant moved the Court to instruct the jury as in case of nonsuit; whereupon, the Court instructed the jury, that in the opinion of the Court, the evidence on the part of the plaintiff was not sufficient to entitle the plaintiff to judgment.   The jury found for the defendant.

The assignment of errors questions the decision of the Court in overruling the motion to dismiss the appeal; in giving instructions to the jury, and in rendering judgment against the plaintiff, for costs.

The first question depends upon the proper construction of " An Act to provide for the election of Probate Justices of the Peace," (1) approved March 4, 1837.

The third section of this act, gives the probate justice all the jurisdiction, in civil causes, conferred by law upon other justices of the peace ; and provides, that in the exercise of this power, they shall be governed by the rules of law applicable to ordinary justices of the peace, and to all proceedings before them growing out of this jurisdiction ; and appeals may be taken, and writs of certiorari issued and prosecuted, in the manner provided in cases of appeals from justices of the peace.

The fourth section gives the probate justice jurisdiction of all cases of debt and assumpsit, where executors or administrators shall be plaintiff or defendant, and where the amount on either side claimed to be due, shall not exceed $1,000.

In addition to the judicial powers conferred by the preceding sections, the fifth section vests the probate justice with certain ministerial powers.

The seventh section vests this officer with all the judicial power, before the passage of the act, exercised by the judge of probate, but in the exercise of such judicial power, he is to réport his proceedings to the Circuit Court for approval, &c.

The tenth section gives an appeal from his proceedings, in the exercise of his ministerial powers, in the same manner that appeals were taken and prosecuted from the proceedings of judges of probate.

Appeals from judges of probate, as formerly regulated, by the 134th section of the act concerning wills and testaments, (2) were allowed from any order, judgment, or decree excepted to ; and the appellant was required to make out a bill of exceptions, setting forth each item, opinion, or decision ,objected to, and the order, judgment, or decree of the Court thereon.

This is a case, under the fourth section of the former act, con-

(1) Acts of 1837, 176 ;  Gale's Stat. 427.        (2) R. L. 653 ;  Gale's Stat. 718.

ferring jurisdiction to the amount of $1,000. The administrator being plaintiff, it is not such a judicial power as was formerly exercised by the judges of probate. (1) It is consequently not such a case as is required to be reported to the Circuit Court, for approval, according to section seven; nor is it a case of the exercise of a ministerial power, from which an appeal is allowed by section ten. It is a case, then, wholly unprovided for, unless an appeal can be had in the ordinary way under the third section. Indeed, we cannot suppose that the legislature intended such an omission, as to leave unprovided, any adequate remedy in case of error in the Court below.

With this view of the case, we think that the language allowing an appeal, in the third section, is sufficiently comprehensive to embrace an appeal like this. The language does not seem restrained as applicable only to cases arising under this section, whilst everything preceding is expressly so limited. The language is, " and appeals may be taken, and writs of error issued and prosecuted, in the manner provided in cases of appeals from justices of the peace." It does not seem any more restricted to cases arising under the third section, than under the fourth section. The appeal, therefore, was well taken.

The second assignment of error, that the Court erred in giving the instructions asked for by the defendant's counsel, cannot now avail the plaintiff. The record does not show that the plaintiff excepted to the decision of the Court, at the time the instructions were given, or at any time during the progress of the trial. On the contrary, the bill of exceptions was filed two days after the trial and judgment, and in the conclusion of it, it is stated, that " to all of which opinions of the Court, the plaintiff excepts," &c., evidently showing that the plaintiff, then, for the first time, excepted.

In the case of Gilmore *v.* Ballard, (2) the Court says, that a bill of exceptions cannot be taken unless the exceptions are made on the trial.

It has been decided at the present term, in the case of Leigh *v.* Hodges, (3) that exceptions to the charge of the Court should be taken at the time the charge is given, and that it is too late to take the exceptions after the verdict is rendered.

The third assignment of error is, that the Court erred in rendering judgment against the plaintiff, for costs. The judgment, after reciting the verdict, is, that the defendant recover of the plaintiff his costs, to be levied of the assets of the intestate, in the hands of the administrator to be administered. Our statute does not authorize a judgment for costs to be rendered against the administrator, who sues in the right of the intestate. (4)

(1) *See* R. L. 656, § § 1 and 2; Gale's Stat. 720.    (2) 1 Scam. 252.
(3) *Ante* 15.
(4) R. L. 167; Gale's Stat. 196; Bailey *v.* Campbell, 1 Scam. 110; Church *et al.* *v.* Jewett *et al.*, 1 Scam. 55; *See* Greenwood *v.* Spiller, 2 Scam. 504.

The judgment of the Court below, is therefore affirmed, except so much as renders judgment against the plaintiff, for costs, which is reversed. The costs of this Court are divided between the parties.

*Judgment affirmed, except as to costs.*